■  AERFAB CORPORATION, Respondent, v QUAKER STATE DYEING & FINISHING CO., INC., Appellant.—Order, Supreme Court, New York County, entered June 2, 1976, unanimously affirmed, with $40 costs and disbursements to respondent. Plaintiff-respondent had contracted with defendant-appellant for the latter to perform a portion of the process of manufacturer of a specialized fabric. Pursuant to the agreement, plaintiff had purchased, and installed on defendant's premises, an extractor, used to remove liquid from the goods. The contract prohibited defendant from installing "in its plant any machinery·of a similar type or variety to the extractor" and from engaging "in any business similar to [plaintiff's business] on its own behalf or on behalf of any other". Further, defendant agreed to keep the process

---

secret. The extractor was removed following termination of defendant's services. Later, it was ascertained that defendant had on its premises and was using, an extractor. This suit followed. In the course of examination, it was revealed by defendant that the extractor's use had ceased but that defendant was now using a compactor, a device that, apparently by a squeezing rather than centrifugal process, was usable for the purpose of extracting liquid from fabric. Plaintiff requested documents concerning the use of the compactor. The request was refused; the documents were claimed to be irrelevant to the issues presented. A motion was made culminating in the order here reviewed. (CPLR 3120.) The second machine, at least in its use, is at least arguably "of a similar type or variety to the extractor." The production of documents relating to its use would obviously be for a relevant purpose. The motion was properly granted. Concur—Markewich, J. P., Murphy, Birns, Capozzoli and Nunez, JJ.